

CASE No. 32512-422

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | § | IN THE 422ND DISTRICT COURT | |
| | § | | |
| V. | § | OF | |
| | § | | |
| CHARLES E. BROWNLOW JR. | § | KAUFMAN COUNTY, TEXAS | |
| | § | | |
| STATE ID NO.: TX-05431746 | § | | |

FILED FOR RECORD
KAUFMAN COUNTY TEXAS
2016 MAY 20 PM 3:39
RHONDA HUGHEY
DISTRICT CLERK
BY_____ DEPUTY

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. B. Michael Chitty | Date Judgment Entered: | 05/20/2016 |
| Attorney for State: | Erleigh Norville Wiley Marc Moffitt, Bryan Slabotsky | Attorney for Defendant: | Maxwell Peck Keri Mallon |

Offense for which Defendant Convicted:

**CAPITAL MURDER**

| | |
|---|---|
| Charging Instrument: **Indictment** | Statute for Offense: **§19.03** |
| Date of Offense: **10/28/2013** | |
| Degree of Offense: **Capital Felony** | Plea to Offense: **Not Guilty** |
| Verdict of Jury: **Guilty** | Findings on Deadly Weapon: **Yes, a Firearm** |
| Plea to 1st Enhancement Paragraph: | Plea to 2nd Enhancement/Habitual Paragraph: |
| Findings on 1st Enhancement Paragraph: | Findings on 2nd Enhancement/Habitual Paragraph: |

| | | |
|---|---|---|
| Punished Assessed by: **Jury** | Date Sentence Imposed: 05/20/2016 | Date Sentence to Commence: 05/20/2016 |
| Punishment and Place of Confinement: | **Death – Institutional Division, TDCJ** | |

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR  YEARS.

| Fine: $n/a | Court Costs: $0.00 | Restitution: $n/a | Restitution Payable to: |
|---|---|---|---|

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was n/a .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

**From 10/28/2013 to 05/20/2016**

| | |
|---|---|
| Time Credited: | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. **DAYS  NOTES: N/A** |

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in Kaufman County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

[X] Defendant appeared in person with Counsel.

[ ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

<u>**Punishment Assessed by Jury / Court / No election (select one)**</u>

[X] **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

[] **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

[] **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

And on the 20th of May, 2016 this cause being again called, the State appeared by her Criminal District Attorney in Kaufman County, Texas and the defendant, **Charles E. Brownlow Jr.**, appeared in person, his counsel also being present, and the same jury being called to assess the punishment, evidence was presented by the State and the defendant for purpose of assessing punishment, and having heard argument of counsel, again retired in charge of the proper officer to consider their verdict, and afterward were again brought into court by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court as is here and now entered upon the minutes of the Court, to-wit:

**SPECIAL ISSUE NO. 1**

Do you find by a preponderance of the evidence that the Defendant, Charles E. Brownlow Jr., is a person with mental retardation/intellectual disability?

**ANSWER: NO**

**SPECIAL ISSUE NO. 2**

Do you find from the evidence beyond a reasonable doubt that there is a probability that the Defendant, Charles E. Brownlow Jr., would commit criminal acts of violence that would constitute a continuing threat to society?

**ANSWER: YES**

**SPECIAL ISSUE NO. 3**

Do you find, taking into consideration all of the evidence, including the circumstances of the offense, the Defendant's character and background, and the personal moral culpability of the Defendant, Charles E. Brownlow Jr., that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed?

**ANSWER: NO**

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

<u>**Punishment Options (select one)**</u>

[X] **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Kaufman County Clerk Court Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[] **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Kaufman County, Texas on the date the sentence is to commence. Defendant shall be confined in the Kaufman County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Kaufman County Clerk Court Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ] **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Kaufman County Clerk Court Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>**Execution / Suspension of Sentence (select one)**</u>

[X] The Court ORDERS Defendant's sentence EXECUTED.

[] The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that the said defendant, **Charles Brownlow,** is guilty of the offense of **CAPITAL MURDER** and that the Defendant committed the said offense on the 28th day of October, 2013 and

that the punishment of the said Defendant is fixed, as set by law, at **DEATH** and that the State of Texas do have and recover of and from the said Defendant all costs in this proceeding incurred for which let execution issue.

And the defendant being asked by the Court if sufficient reason existed why the sentence of this Court should not be pronounced, failed to give such reason; whereupon the Court proceeded, in the presence of the said Defendant and his attorney to pronounce sentence as follows:

**WHEREAS,** the Defendant, **CHARLES E. BROWNLOW JR.,** has been adjudged guilty of the offense of CAPITAL MURDER by the jury and the jury having further answered: (1) that the Defendant, **Charles E. Brownlow Jr.,** is **NOT** a person with mental retardation/intellectual disability; (2) that there **IS** a probability that the defendant, **CHARLES E. BROWNLOW Jr.,** would commit criminal acts of violence that would constitute a continuing threat to society, and (3) after taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, **CHARLES E. BROWNLOW Jr.,** that there is **NO** sufficient mitigating circumstance or circumstances to warrant a sentence of life imprisonment rather than a death sentence be imposed,

**IT IS THE ORDER AND SENTENCE OF THE COURT** that you, **CHARLES E. BROWNLOW Jr.,** having been adjudged to be guilty of capital murder and whose punishment has been assessed by the verdict of the jury and the judgment of this Court at Death, shall be remanded to the custody of the Sheriff of Kaufman County and transported to and kept in the custody of the Director of the Institutional Division of the Texas Department of Criminal Justice, until some future date to be determined later, upon which day, at some hour after 6:00 p.m., in a room arranged for the purpose of execution, the said Director, acting by and through the executioner designated by and said Directors provided by law, **IS HEREBY COMMANDED, ORDERED, AND DIRECTED** to carry out this sentence of death by intravenous injection of a substance or substance in a lethal quantity sufficient to cause your death and until you are dead, such procedure to be determined and supervised by the said Director of the Institutional Division of the Texas Department of Criminal Justice.

The Clerk of this Court shall issue this Order of Execution and Death Warrant and deliver the same to the Sheriff of Kaufman County, Texas, who is hereby ORDERED, upon receipt, to deliver the same to the director of the Institutional Division of the Texas Department of Criminal Justice and make due Return thereof showing that the Order of Execution and Death Warrant has been served and delivered as directed.

**IT IS FINALLY ORDERED** that the Director of the Institutional Division of the Texas Department of Criminal Justice shall endorse the Sheriff's return showing receipt of this Order of Execution and Death Warrant.

The Court **Orders** that the Defendant is given credit noted above on this sentence for the time spent incarcerated.

It is further ORDERED that the costs to Kaufman County for the payment of this defendant's court –appointed attorney, if any, are taxed against this defendant as court costs. The District Clerk is granted leave to amend the court costs to reflect this amount without the necessity of a further order.

Following the disposition of this cause, the defendant's fingerprints were, in open court, placed upon a Judgment Certificate of Defendant's Prints. Said Certificate is attached hereto and is incorporated by reference as part of this Judgment.

Signed on the 20th day of May , 20 1

JUDGE B. MICHAEL CHITTY

CAUSE NO. 32512-422

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 422ND JUDICIAL DISTRICT |
| | § | |
| CHARLES E. BROWNLOW, JR. | § | KAUFMAN COUNTY, TEXAS |

**ORDER FOR APPOINTMENT OF ATTORNEY ON APPEAL**

The Defendant, CHARLES E. BROWNLOW, JR., having previously been found to be indigent, and the said Defendant, having been convicted of capital murder and sentenced to death on May 20, 2016,

It is ORDERED that the Honorable Douglas H. Parks, a regular licensed and practicing attorney of Texas, is hereby appointed to represent the Defendant in his automatic direct appeal to the Texas Court of Criminal Appeals

SIGNED this the 6th day of June, 2016.

_____
B. Michael Chitty, Judge Presiding

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS
2016 JUN -6 PM 3: 11
RHONDA HUGHEY
DISTRICT CLERK
BY_____
DEPUTY

ORDER FOR APPOINTMENT OF ATTORNEY ON APPEAL                    Solo Page

FILED IN
COURT OF CRIMINAL APPEALS

June 16, 2016

ABEL ACOSTA, CLERK

CAUSE NO. 32512-422

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 422ND JUDICIAL DISTRICT |
| | § | |
| CHARLES E. BROWNLOW, JR. | § | KAUFMAN COUNTY, TEXAS |

**ORDER AND NOTICE**

The above-named Defendant, CHARLES E. BROWNLOW, JR., was convicted of capital murder and sentenced to death on May 20, 2016. The Court finds that the Defendant is indigent and desires to have counsel appointed for the purpose of a writ of habeas corpus under Art. 11.071, Texas Code of Criminal Procedure.

THEREFORE, the Court hereby appoints the Office of Capital and Forensic Writs and Director, Benjamin Wolff, as counsel for Defendant to investigate the case, file the appropriate writ, and represent the Defendant fully. Following the Motion for New Trial, trial counsel are relieved of their representation of the said Defendant.

The District Clerk is hereby ordered to forward a copy of this Order and Notice to the Office of Capital and Forensic Writs and to the Court of Criminal Appeals.

Appointed counsel's address is as follows:

Benjamin Wolff
Office of Capital and Forensic Writs
1700 N. Congress Avenue, Suite 460
Stephen F. Austin Building
Austin, Texas 78701
(512) 463-8502 – Direct
(512) 463-8590 – Fax
Benjamin.Wolff@ocfw.texas.gov

So ORDERED this the 6th day of June, 2016.

_____
B. Michael Chitty, Judge Presiding

ORDER AND NOTICE                                                    Solo Page